1  **LAW OFFICES OF FERGUSON, PRAET & SHERMAN, APC**
   Bruce D. Praet SBN 119430
2  Shaun I. Abuzalaf SBN 285355
   Kyle R. Bevan SBN 294877
3  1631 E. 18th Street
   Santa Ana, California 92705
4  (714) 953-5300 • Fax (714) 953-1143

5

   Attorneys for Defendants
6  CITY OF BEVERLY HILLS AND
   BEVERLY HILLS POLICE DEPARTMENT
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11  BRIAN GOLDBERG,                    )   No.  2:17-cv-09226-AB (GJ)
                                       )
12              Plaintiff,             )   Hon. Andre Birotte, Jr.
                                       )
13       vs.                           )
                                       )   **MEMORANDUM OF POINTS
14  NAHAL YASHAR, DANNY               )   AND AUTHORITIES IN
    YASHAR, FARIBA LAVIAN, CITY )   SUPPORT OF MOTION TO
15  OF BEVERLY HILLS, BEVERLY )   DISMISS PLAINTIFF'S FIRST
    HILLS POLICE DEPARTMENT AS )   AMENDED COMPLAINT;
16  DOE 1, a governmental entity; and )
    DOES 2 through 100,               )
17                                     )
                Defendants.            )   Date      : March 2, 2018
18  _____ )   Time      : 10:00 a.m.
                                       )   Courtroom : 7B
19                                     )

20

21

22

23

24

25

26

27

28

## Table of Contents

I.     PREFATORY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A COGNIZABLE
       CLAIM AGAINST DEFENDANTS AS REQUIRED BY THE
       FEDERAL RULES AS WELL AS *TWOMBLY AND IQBAL* . . . . . . . . . . . 2

IV.    DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       A.    The City of Beverly Hills and the Beverly Hills Police
             Department are the Same Entity . . . . . . . . . . . . . . . . . . . . . . . . . 5

       B.    Plaintiff's First Amended Complaint Fails to Establish
             Any Statutory Liability For Many of Plaintiff's State Law
             Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

       C.    Plaintiff's First Cause of Action Fails to State Facts
             Sufficient to State a Cause of Action for False Arrest or
             False Imprisonment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       D.    Plaintiff's Second Cause of Action For Intentional Infliction
             of Emotional Distress Fails to Provide Sufficient Factual
             Support to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       E.    Plaintiff's Third Cause of Action For Negligence Fails to
             Allege Sufficient Facts to State a Claim . . . . . . . . . . . . . . . . . . 12

       F.    Plaintiff's Fourth Cause of Action Under Various Sections of
             The California Constitution Fails . . . . . . . . . . . . . . . . . . . . . . . 13

       G.    Plaintiff's Fifth Cause of Action is Insufficient to State a Claim
             and Must Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

       H.    Plaintiff's Sixth Cause of Action Fails to Allege Sufficient
             Facts to Establish Either a *Monell* or a First Amendment
             Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

       I.    Plaintiff's Seventh Cause of Action Fails to Sate Either a
             *Monell* Claim under 42 U.S.C. § 1983 for a Violation of the
             Fourth or Fourteenth Amendments . . . . . . . . . . . . . . . . . . . . . . 20

i

J.      Plaintiffs Cannot Know Punitive Damages Against
        the Beverly Hills Police Department . . . . . . . . . . . . . . . . . . . . . . . . . 21

V.      CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

ii

## Table of Authorities

Cases                                                                    Page

*Abeytia v. Fresno Police Dep't.,* (E.D. Cal. 2009)
2009 U.S. Dist. LEXIS 49500 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Arpin v. Santa Clara Valley Trans. Agency,* (2001)
261 F.3d. 912, 919 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9, 10

*Asgari v. City of Los Angeles,* (1997)
15 Cal.4th 744, 937 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ashcroft v. Iqbal,* (2009)
556 U.S. 662 . . . . . . . . . . . . . . . . . . . . .   3, 4, 5, 8, 9, 10, 11, 13, 14, 16, 17, 20

*Bell Atlantic Corp. v. Twombly,* (2007)
550 U.S. 544 . . . . . . . . . . . . . . . . . . . . .   3, 4, 5, 8, 9, 10, 11, 13, 14, 16, 17, 20

*Brown v. County of Kern,* (2008)
2008 U.S. Dist. 14216 *49-50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brown v. Ransweiler,* (2009)
171 Cal.App.4th 516. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Cousins v. Lockyer,* (2009)
568 F.3d 1063 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Christie v. Iopa,* (9thCircuit 1999)
176 F. 3d 1231 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Comm. For Immigrant Rights v. County of Sonoma,* (2009)
644 F.Supp.2d. 1177. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Erickson v. Pardus,* (2007)
551 U.S. 89 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iii

Memo of P&As in Support of
Motion to Dismiss

*Fields v. Legacy Health Sys.,* (9th Cir. 2005)
413 F.3d 943 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Forbes v. County of San Bernardino,* (2002)
101 Cal.App.4th 48 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Ford v. City of Yakima,* (9th Cir. 2013)
706 F. 3d 1188 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Galen v. County of Los Angeles,* (9th Cir. 2007)
477 F.3d 652 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Harvey v. City of Fresno,* (E.D. Cal. 2009)
2009 U.S. Dist. LEXIS 89519 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Herrera v. City of Sacramento,* (E.D. Cal. 2013)
2013 WL 3992497, at *8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Hill v. National Collegiate Athletic Assn.,* (1994)
7 Cal.4th 1, 35 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Hoffman v. City & County of San Francisco,* (2012)
870 F. Supp. 2d 799 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Hughes v. Pair,* (2009)
46 Cal.4th 1035 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Katzberg v. Regents of Univ. of Cal.,* (2002)
29 Cal 4th 300 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kinney v. County of Contra Costa,*
8 Cal.App.3d 761 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lyall v. City of Los Angeles,* (9th Cir. 2015)
807 F.3d 1178 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

iv

*Martinez v. City of Los Angeles*, (9th Cir. 1998)
141 F.3d 1373, 1379. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mistriel v. Kern County*, (E.D. Cal. 2011)
2011 U.S. Dist. LEXIS 24579, *10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Monell v. Department of Social Services*, (1978)
436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18, 20

*Padilla v. Meese*, (1986)
184 Cal.App.3d 1022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*People of California v. Kinder Morgan Energy Partners, L.P.*, (S.D. Cal. 2008)
569 F.Supp.2d 1073, 1092 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

*Price v. Sery*, (9th Cir. 2008)
513 F.3d 962 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*San Francisco Apt. Assn. V. City & County of San Francisco*,
142 F. Supp. 3d. 910, 933 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Sanders v. City of Fresno*, (2008)
551 F. Supp.2d 1149. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Shaw v. California Dep't of Alcoholic Beverage Control*, (1986)
788 F. 2d. 600. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Silvas v. E*trade Mortgage Corp.*,  (9th Cir. 2008)
514 F.3d 1001. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Simo v. Union of NeedleTrades, Industrial & textile Employees*, (9th Cir. 2002)
322 F.3d. 602 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Starr v. Baca*,  (9th Cir. 2011)
652 F. 3d 1202 . . . . . . . . . . . . . . . . .      4, 5, 8, 9, 10, 11, 13, 14, 16, 20

Memo of P&As in Support of
Motion to Dismiss

*Thompson v. City of Los Angeles*, (9th Cir. 1989)
885 F.2d 1439 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Trevino v. Gates*, (9th Cir. 1996)
99 F.3d 911 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Ulrich v. City and County of San Francisco*, (9th Cir. 2002)
308 F.3d 968, 984-985 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Weber v. Department of Veterans Affairs*, (9th Cir. 2008)
512 F.3d 1178 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Wigfall v. City & County of San Francisco,* (N.D. Cal. Jan 22, 2007)
No. C 06-4968 VRW, 2007 U.S. Dist. Lexis 82047 . . . . . . . . . . . . . . . . 15, 16

<u>Statutes</u>                                                                       <u>Page</u>

*Cal. Civil Code Section 52.1* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*42 U.S.C. Section 1983* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Fed. R. Civ. P.* 12(b) (6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Fed. R. Civ. P.* 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Fed. R. Civ. P.* 17(b) (3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Penal Code Section 142* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Penal Code Section 853.6* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Penal Code Section 242* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Penal Code Section 837* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Penal Code Section 847 (b)(3)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

vi

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## I.    PREFATORY STATEMENT

Plaintiff Brian Goldberg filed a First Amended Complaint ("FAC") against Defendants Nahal Yashar, Danny Yashar, City of Beverly Hills (the "City"), Beverly Hills Police Department (the "Department" or "BHPD"), and numerous Doe defendants. Goldberg has filed various complaints and amendments using different causes of action and against different parties in an effort to remain in state court. This case corresponds to Los Angeles County Case No. BC 612911. In sum, there are numerous defects with Plaintiff's complaint such that all causes of action against the City and the Department should be dismissed. To wit: the Department must be dismissed, as suing it along with the City is redundant; Penal Code section 853.6 does not create a cause of action against a public entity or its employees; there is no private right of action under CA Const. Art 1 section 13, and; the facts alleged fail to state any facially plausible claim for relief under *Twombley* and *Iqbal*.

## II.    STATEMENT OF FACTS

Though impossible to determine from Plaintiff's threadbare FAC, this case arises from a dispute between Plaintiff and his neighbor that necessitated the involvement of officers from the Beverly Hills Police Department. On March 9, 2015, at approximately 8:03 p.m., Ms. Nahal Yashar contacted the Beverly Hills Police Department via the 911 emergency line. She stated Plaintiff hit her in the elevator during a confrontation over Plaintiff's driving in the garage of their building located at 235 Tower Drive, Beverly Hills, California.

BHPD officers responded to the scene. Ms. Yashar was crying when she described her confrontation with Plaintiff. Her statement at the scene was consistent with her statement on the telephone. She complained of an injury to her back and shoulder that she stated occurred as a result of being shoved against the

1    elevator. BHPD officers obtained photographs of red marks on her back and

2    shoulders, consistent with the described injury.

3         A BHPD officer interviewed Plaintiff at the scene. Plaintiff initially said he

4    brushed against Yashar's side and exited the elevator because she blocked the

5    doors. However, once Plaintiff learned he would be arrested pursuant to a private

6    person's arrest, he changed his story. He then told police Ms. Yashar hit his arm

7    when he was pushing the elevator button. He complained of an injury and pain and

8    demanded to be treated by paramedics. He requested that BHPD arrest Ms.

9    Yashar. The officers on scene requested that a supervisor respond to help them

10    sort out this dilemma. Ultimately, because of the inconsistencies in Plaintiff's

11    statements, BHPD took custody of Plaintiff pursuant to Yashar's private person's

12    arrest for battery (PC § 242) and transported him to the BHPD Jail for booking.

13         Plaintiff alleges that the City, the Department, and other named Defendants

14    conspired to arrest him and damage his reputation because he was an outspoken

15    critic of a contract between the Beverly Hills Unified School District and a private

16    firm with connections to a former BHPD Chief. The FAC alleges seven causes of

17    action against the City: (1) False Arrest/Imprisonment (FAC, ¶ 30-40); (2)

18    Intentional Infliction of Emotional Distress (FAC, ¶ 41-51); (3) Negligence (FAC,

19    ¶ 52-59); (4) a violation of California Constitution, Article I, sections 1 and 13

20    (FAC, ¶ 60-61); (5) a violation of Cal. Civil Code section 52.1(b) (FAC, ¶ 62-63);

21    (6) a First Amendment claim under 42 U.S.C. section 1983 (FAC, ¶ 64), and; (7) a

22    Fourth Amendment claim under 42 U.S.C. section 1983 (FAC, ¶ 65).

23    **III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A**

24           **COGNIZABLE CLAIM AGAINST DEFENDANTS AS**

25           **REQUIRED BY THE FEDERAL RULES AS WELL AS**

26           ***TWOMBLY* AND *IQBAL***

27         A complaint must be dismissed when there is a "failure to state a claim upon

28    which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6).  A complaint must

contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2).

In considering a motion to dismiss under FRCP Rule 12(b)(6), "'All allegations of material fact [in the complaint] are taken as true and construed in the light most favorable to the nonmoving party.' ... Although 'conclusory allegations of law and unwarranted inferences are insufficient' to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (2009); Citing *Silvas v. E*trade Mortgage Corp.*, 514 F.3d 1001, 1003-04 (9th Cir. 2008) and *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005).

While "'a complaint need not contain detailed factual allegations ... it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* at 1067-8; Citing *Weber v. Department of Veterans Affairs*, 512 F.3d 1178, 1181 (9th Cir. 2008) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he pleading standard Rule 8 announces deos not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"[O]n a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation' ... Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. When determining the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. *Iqbal* at 678-679. Though, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* At 678.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

1   formulaic recitation of the elements of a cause of action will not do." *Twombly* at

2   555 (emphasis added.)

3        "While legal conclusions can provide the framework of a complaint, they

4   must be supported by factual allegations." *Aschroft v. Iqbal*, 556 U.S. 662, 664

5   (U.S. 2009) (emphasis added.)  "Although detailed factual allegations are not

6   required under [Federal Rule of Civil Procedure] 8, a claim must set forth

7   sufficient factual content that allows the 'court to draw the reasonable inference

8   that the defendant is liable for the misconduct alleged.'" *Herrera v. City of*

9   *Sacramento*, 2013 WL 3992497, at *8 (E.D. Cal. 2013) (quoting *Aschroft v. Iqbal*,

10   556 U.S. 662, 678 (2009)).

11        In *Starr v. Baca* 652 F. 3d 1202 (9th Cir. 2011) the Ninth Circuit explained

12   that there are two governing principles in determining the requirements of FRCP

13   8. The Court stated, "First, to be entitled to the presumption of truth, allegations in

14   a complaint or counterclaim may not simply recite the elements of a cause of

15   action, but must contain sufficient allegations of underlying facts to give fair

16   notice and to enable the opposing party to defend itself effectively. Second, the

17   factual allegations that are taken as true must plausibly suggest an entitlement to

18   relief, such that it is not unfair to require the opposing party to be subjected to the

19   expense of discovery and continued litigation." *Id.* at 1216.

20        In sum, a complaint must state enough facts to provide a cognizable claim

21   for relief.  A complaint that simply recites the elements of a cause of action,

22   provides only conclusory allegations or fails to allege facts sufficient to state a

23   claim for relief and is insufficient to survive a motion to dismiss.  The Court must

24   be able to draw a reasonable inference from the facts that the defendant is liable

25   for the misconduct alleged.  Here, Plaintiff's FAC fails to meet these standards.

26   ///

27   ///

28

## IV.   DISCUSSION

The entirety of Plaintiff's FAC is completely devoid of any factual allegations to support any of the asserted causes of action. Further, Plaintiff lists both the City of Beverly Hills as well as the Beverly Hills Police Department as defendants in multiple causes of action. This is duplicative, and should Plaintiff's First Amended Complaint survive this motion, one must be deleted. As a general matter, since Plaintiff is represented by counsel, the court is not required to "liberally construe" the Plaintiff's FAC as the court would with a pro se complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.])" Overall, however, each and every cause of action fails the requirements of *Iqbal, Twombly, and Starr, supra*.  The Court should grant this motion in total.

### A.   The City of Beverly Hills and the Beverly Hills Police Department are the Same Entity

The first issue with the Plaintiff's FAC is that it accuses both the City of Beverly Hills and the Beverly Hills Police Department as *separate* defendants. As the City and the Department are the same entity, one must be deleted. Defendants concern is that Plaintiffs list both as separate defendants in order to gain additional written discovery which Plaintiff is not entitled to receive.

FRCP 17 (b) (3) indicates an entity's capacity to sue and be sued. Rule 17 (b) states, "Capacity to sue or be sued is determined as follows: (3) for all other parties, by the law of the state where the court is located." Rule 17 (b)(3) goes on to list exceptions that do not apply to this case. Therefore, California law applies.

The law is clear that under Rule 17 (b)(3), a police department can be sued. This issue was addressed in *Shaw v. California Dep't of Alcoholic Beverage Control* 788 F. 2d. 600 (1986). The Court in *Shaw* determined that under CA

---

1  Government Code Sections 811.2 and 945 as well as CA Evidence Code Section

2  200 that a Police Department could be sued in Federal Court. *Id.* at 604-605.

3  However, "municipal *departments* and *sub-units* of local governments... are

4  not generally considered 'persons' within the meaaning of Section 1983." *Mistriel*

5  *v. Kern County*, 2011 U.S. Dist. LEXIS 24579, *10 (E.D. Cal 2011); See also

6  *Harvey v. City of Fresno*, 2009 U.S. Dist. LEXIS 89519 (E.D. Cal. 2009) and

7  *Abeytia v. Fresno Police Dep't.,* 2009 U.S. Dist. LEXIS 49500 (E.D. Cal. 2009).

8  "Naming the [Murrieta police Department], which is a department of the City, as a

9  defendant is redundant to naming the [City of Murrieta] as a defendant." *Abeytia*

10  at *25.

11  For the purposes of this lawsuit however, the City of Beverly Hills is the

12  same entity as the Beverly Hills Police Department. Beverly Hills Municipal Code

13  Section 2-3-201 states,

14  "The police department is hereby established, and the office

15  of police chief created. The police department shall be under the

16  supervision and control of the police chief, who shall be accountable

17  to the city manager. The police chief shall be responsible for the

18  preservation of public peace, shall preserve and protect the property

19  of the city, shall perform such duties as imposed by local, state, and

20  federal law, and such other duties as designated by the city manager or

21  council."

22  This is identical to the scenario presented in *Hoffman v. City & County of*

23  *San Francisco* 870 F. Supp. 2d 799 (2012). In *Hoffman*, the defendants sought

24  dismissal of the San Francisco Police Department because it was not a separate

25  legal entity under the San Francisco City Charter. The Court in *Hoffman* held that

26  while civil liability may attach to SFPD's actions, the police department had no

27  independent legal existence apart from the City. *Id.* at 802-803. Here, the Beverly

28  Hills Municipal Code creates the police department. Therefore, the police

1   department is an arm of the City and the same legal entity. As such, the police

2   department has no independent legal existence apart from the City. Thus, this

3   Court should dismiss one of either the City of Beverly Hills or the Beverly Hills

4   Police Department as a defendant in this case as naming both is redundant.

5           **B.     Plaintiff's First Amended Complaint Fails to**

6                  **Establish Any Statutory Liability For Many of**

7                  **Plaintiff's State Law Claims**

8           Another deficiency of Plaintiff's First Amended Complaint is that it fails to

9   indicate that it has complied with California's Tort Claims Act for any of

10   Plaintiff's State Law Causes of Action. Though defendants acknowledge that this

11   can be remedied by Plaintiff, this is yet another area in which Plaintiff's current

12   pleading alleges insufficient facts. As will be shown below, this is a flaw in each

13   of Plaintiff's currently alleged state law causes of action.

14           Tort liability for public entities in California is governed by the Tort Claims

15   Act. Cal. Gov't.Code § 810 et seq. *Comm. For Immigrant Rights v. County of*

16   *Sonoma* 644 F.Supp.2d. 1177, 1207-1208 (2009) *citing Forbes v. County of San*

17   *Bernardino* 101 Cal.App.4th 48, 53 (2002). Cal Gov't Code § 815 specifically

18   indicates that "Except as otherwise provided by statute: (a) A public entity is not

19   liable for an injury, whether such injury arises out of an act or omission of the

20   public entity or public employee or another person." This is similar to the situation

21   presented to the court in *Comm. For Immigrant Rights v. County of Sonoma,*

22   *supra.* There, the court granted Defendants' 12(b)(6) motion on the grounds that

23   the plaintiffs' complaint failed to plead a statutory basis to show the defendant

24   county would be liable for state claims of false arrest or imprisonment, IIED, and

25   negligence. *Id.* at 1208. False arrest or imprisonment, IIED, and negligence are the

26   same first three causes of action within Plaintiff's FAC (FAC at 6, 8, and 10).

27   Nowhere in Plaintiff's FAC however is any statutory basis establishing liability

28   for these causes of action.

---

      7

1    Plaintiff fails to plead sufficient facts to indicate compliance with the Torts

2    Claims Act in at least one way for all of his state law causes of action. For

3    Plaintiff's first three causes of action, Plaintiff does not indicate compliance, nor

4    does he allage a statutory basis for the claim at all. For Plaintiff's Fourth and Fifth

5    Causes of Action, Plaintiff cites Cal. Gov't Code § 815.2(a) but still fails to

6    indicate compliance with the Torts Claim Act otherwise. Therefore, Plaintiff's

7    FAC is deficient on this ground and Defendants' motion should be granted.

8    **C.    Plaintiff's First Cause of Action Fails to State Facts**

9    **Sufficient to State a Cause of Action for False Arrest**

10    **or False Imprisonment**

11    Plaintiff's First Cause of Action is a state law claim of "False

12    Arrest/Imprisonment" which he accuses "All Defendants *except* BHPD." (FAC at

13    6.). Due to Plaintiff's duplicative pleading against City of Beverly Hills and

14    BHPD,  Plainitff's saying "*except* BHPD" is still bringing this cause of action

15    against the same entity, namely, the City of Beverly Hills.

16    "Under California law**,** 'false arrest is not a different tort' but 'is merely one

17    way of committing a false imprisonment.' *Arpin v. Santa Clara Valley Trans.*

18    *Agency,* 261 F.3d. 912, 919, citing *Martinez v. City of Los Angeles*, 141 F.3d 1373,

19    1379 (9th Cir. 1998). *Arpin* then cites *Asgari v. City of Los Angeles,* 15 Cal.4th

20    744, 937 (1997) for the California Supreme Court 's definition of False

21    Imprisonment, defining it as "False imprisonment as the violation of the personal

22    liberty of another without lawful privilege." *Arpin* at 920.

23    Plaintiffs' First Amended Complaint gives no factual support for this

24    allegation against the City of Beverly Hills. Therefore, Plaintiff's FAC fails the

25    pleading standards of *Twombly, Iqbal,* and *Starr, supra.*  A review of Plaintiff's

26    entire FAC gives the following conclusions to support this cause of action: First,

27    "defendant City of Beverly Hills and/or Does 21-40, and each of them, conducted,

28    assisted in conducting, and conspired to conduct, a wrongful arrest/imprisonment

---

of plaintiff without a warrant and without probable cause at 235 S. Tower Drive, Beverly Hills, California 90211." (FAC, ¶ 6). Second, "On or about March 9, 2015, defendants, and each of them, conducted, assisted in conducting, and conspired to conduct, a wrongful arrest/imprisonment of plaintiff without a warrant at 235 S. Tower Drive, Beverly Hills, California 90211." (FAC, ¶ 22). This essentially repeats the same conclusion as Plaintiff's ¶ 6. Plaintiff's repetition is not factual support. Third, "Plaintiff did not commit or attempt to commit any crime in the presence of defendants, or any of them and defendants, and each of them, had no reasonable cause to believe plaintiff had committed any crime." (FAC, ¶ 23).  Fourth, and finally, "On or about March 9, and 10, 2015, defendants City of Beverly Hills, and Does 21-40, and each of them, held Plaintiff in custody without plaintiff's consent, and engaged in unnecessary delay in releasing plaintiff from custody without plaintiffs' consent. Such unnecessary delay in holding plaintiff in custody and failing and refusing to release plaintiff from custody was a substantial factor in causing injury, damage, loss, or harm to plaintiff." (FAC ¶ 25).

Each and all of those statements are mere conclusions which do not qualify as factual support. Under the pleading standards of *Twombly, Iqbal,* and *Starr*, this is insufficient. Nothing stated by Plaintiff rises to the level of "sufficient factual content that allows the 'court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. Further, these mere conclusions do not, "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," as is required by *Starr*. *Starr* at *1216.* Thus, Plaintiff's First Cause of Action against the City of Beverly Hills fails to state a claim upon which relief can be granted and Defendants' Motion to be Dismissed must be granted.

Additionally, Plaintiff fails to mention that his detention by the Beverly Hills Police Department was after a Private Person's Arrest. CA Penal Code

1    Section 837 clearly states, "A private person may arrest another: 1. For a public

2    offense committed or attempted in his presence." Under California law, after a

3    citizen's arrest, the citizen my delegate to law enforcement the act of taking the

4    suspect into custody. *Arpin, supra* at 920, citing *Padilla v. Meese*, 184 Cal.App.3d

5    1022, 1030 (1986). Further, under California law, "a peace officer who accepts

6    delivery of a person following a citizen's arrest is not liable for false arrest or false

7    imprisonment even if the officer determines that there is no grounds for making a

8    criminal complaint... because a peace offer, pursuant to Cal. Penal Code § 142,

9    could  be liable for a felony if he refuses to receive a person charged with a crime,

10   the peace officer is relieved of the responsibility of adjudging whether the citizen

11   had probable cause." *Arpin* at 920-921, citing *Kinney v. County of Contra Costa*, 8

12   Cal.App.3d 761, 767-769. This is specifically within the statute Penal Code

13   Section 847 (b) (3) which states, "(b) There shall be no civil liability on the part

14   of, and no cause of action shall arise against any peace officer ... for false arrest or

15   false imprisonment arising out of any arrest under any of the following

16   circumstances: (3) The arrest was made pursuant to the requirements of Section

17   142, 837, 838, or 839." Penal Code Section 837, is for a private person's arrest,

18   which is what happened in this case. Thus, even should Plaintiff amend his

19   complaint to add additional factual support, there is no cause of action for false

20   arrest against the City of Beverly Hills. Defendants' motion should be granted and

21   Plaintiff's First Cause of Action must be dismissed.

22            **D.      Plaintiff's Second Cause of Action For Intentional**

23                  **Infliction of Emotional Distress Fails to Provide**

24                       **Sufficient Factual Support to State a Claim**

25            As with Plaintiff's First Cause of Action, Plaintiff's Second Cause of Action

26   fails to state a claim upon which relief can be granted. Plaintiff's Second Cause of

27   Action is for intentional infliction of emotional distress (IIED) "Against All

28   Defendants *except* BHPD" (FAC at 8). As before, due to Plaintiff listing both the

---

City as well as BHPD, Plaintiff's saying "except BHPD"' is of no consequence as they are the same entity. Also similar to Plaintiff's First Cause of Action, Plaintiff alleges no facts to support this claim and therefore Plaintiff's pleading fails the requiremenets of *Twombly, Iqbal*, and *Starr*.

Under California law the elements of an IIED claim are, "(1) extreme and outrageous conduct by defendant with the intention of causing, or reckless disregard of the probability of causing emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009). To meet the standard for "outrageous conduct," case law states conduct is "outrageous if it is 'so extreme as to exceed the all bounds of that usually tolerated in a civilized community." *Simo v. Union of NeedleTrades, Industrial & textile Employees*, 322 F.3d. 602, 622 (9th Cir. 2002) (quoting *Saridakis v. United Airlines*, 166 F.3d 12272, 1278 (9th Cir. 1999). Case law also elaborates on what is required to qualify as "severe or extreme emotional distress." The emotional distress must rise to the level of being "of such a substantial quantity or enduring quality that no reasonable man in a civilized world should be expected to endure it." *Id.*

Here, Plaintiff fails to allege sufficient facts of extreme or outrageous conduct. Plaintiff simply concludes that he has suffered "severe" injuries (FAC ¶ 37). Plaintiff's attempt at factual allegations are merely recitations of the elements of an IIED claim. The entirety of the facts plaintiff uses to support this cause of action are found in paragraphs 33, 34, and 37 of the FAC. None of these "facts" however are sufficient to actually plead a cause of action. The closest the FAC comes to alleging a fact is to say Plaintiff was held in custody against his consent and engaging in unnecessary delay in releasing plaintiff. (FAC ¶ 33). Conclusions with no factual support fails *Twombly, Iqbal,* and *Starr, supra*. Plaintiff's Second Cause of Action must be dismissed.

1    Further, as indicated above, Plaintiff's complaint fails to mention that City

2    of Beverly Hills through the BHPD,  took custody of Plaintiff after a private

3    person's arrest. Therefore, even should Plaintiff add more factual support, there is

4    no claim. Taking possession of an individual after a citizen's arrest in the evening

5    hours of March 9, 2015 and then releasing him at about 8:00 A.M. on March 10,

6    2015 (FAC ¶ 50, 52) is not sufficient to rise to the level of extreme and outrageous

7    conduct. This is merely typical law enforcement conduct. If an officer's conduct

8    was reasonable, then it cannot be "extreme and outrageous." *Sanders v. City of*

9    *Fresno,* 551 F. Supp.2d 1149, 1180 (2008).

10    Overall, plaintiff fails to state a claim for IIED. Therefore Defendants'

11    Motion should be granted.

12    **E.    Plaintiff's Third Cause of Action For Negligence Fails**

13    **to Allege Sufficient Facts to State a Claim**

14    Plaintiff's Third Cause of Action is similar to his first two in that it attempts

15    to satisfy the abovementioned pleading requirements by merely concluding that

16    something is so. Here, as before, Plaintiff brings a cause of action against "All

17    Defendants *except* BHPD." (FAC at 10). As indicated above, the City of Beverly

18    Hills and the Beverly Hills Police Department are the same entity, making

19    Plaintiff's distinction lack any merit.

20    The elements of negligence in California are, "(1) a legal duty to use due

21    care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of

22    the resulting injury; and (4) actual loss or damage resulting from the breach of the

23    duty of care." *Brown v. Ransweiler*, 171 Cal.App.4th 516, 534 (2009).

24    Unlike Plaintiff's second cause of action where he at least indicates the

25    elements of an IIED claim, here, Plaintiff merely says Defendants were negligent.

26    (FAC ¶ 44). Plaintiff lists no duty and does not say how any such duty was

27    breached. As with the preceding claims, Plaintiff gives no factual support for his

28    allegation again the City of Beverly Hills. Plaintiff concludes that Defendant City

---

1  of Beverly Hills engaged in delaying Plaintiff's release, but this is not sufficient

2  for the City to know what Plaintiff is actually accusing it of doing or not doing to

3  support his claim of negligence. As Plaintiff's third cause of action fails to comply

4  with the pleading requirements of *Twombly, Iqbal, and Starr, supra*, Defendant's

5  motion should be granted and this claim dismissed.

6          **F.**     **Plaintiff's Fourth Cause of Action Under Various**

7               **Sections of the California Constitution Fails**

8      Plaintiff's Fourth Cause of Action is for alleged violations of two Sections

9  of the California Constitution. (FAC at 11). Here, Plaintiff accuses "City

10  Defendants and Does Only," of violating California Constitution Article One,

11  Sections One and Thirteen. (FAC at 11). The only Doe Defendant of Plaintiff's

12  FAC however is "Beverly Hills Police Department as Doe 1." (FAC at 1). As

13  indicated above in Section IV., Subsection A. of Defendants' motion, this is the

14  same entity. One of these Defendants must be dismissed as Plaintiff is alleging the

15  same conduct against the same entity twice.  Further, as indicated in Section IV.

16  Subsection B., Plaintiff's FAC fails to indicate that it complied with the CA Tort's

17  Claims Act.

18      CA Const. Art. I § 1 states, " All people are by nature free and independent

19  and have inalienable rights. Among these are enjoying and defending life and

20  liberty, acquiring, possessing, and protecting property, and pursuing and obtaining

21  safety, happiness, and privacy."

22      "To state a claim for violation of the right to privacy under the California

23  Constitution, a plaintiff must allege facts sufficient to show a legally protected

24  privacy interest, consisting of either "informational privacy" (an interest which

25  precludes the dissemination or misuse of sensitive and confidential information) or

26  "autonomy privacy" (an interest in making intimate personal decisions or

27  conducting personal activities without observation, intrusion, or interference); a

28  reasonable expectation of privacy under the circumstances; and conduct by the

1  defendant constituting a "serious invasion" of privacy such as constitutes "an

2  egregious breach of the social norms underlying the privacy right." *San Francisco*

3  *Apt. Assn. V. City & County of San Francisco*, 142 F. Supp. 3d. 910, 933 citing

4  *Hill v. National Collegiate Athletic Assn.,* 7 Cal.4th 1, 35-37 (1994).

5  　　　　Plaintiff tries to make this cause of action by claiming that Defendants

6  failed to comply with "the mandatory obligation imposed by Cal. Penal Code §

7  853.6" and various allegations related toward an alleged relation of the Police

8  Department for the Plaintiff exercising his rights to free speech. (FAC ¶¶ 50-55).

9  Even though, Plaintiff for the first time alleges some factual support (in saying

10  this, Defendants no way concede that the factual allegations of Plaintiff's FAC are

11  actual facts), it is still insufficient to meet the pleading standards set forth above in

12  *Towmbly, Iqbal,* and *Starr, supra*. Based on this alone, the court should grant

13  Defendants' motion.

14  　　　　Even should Plaintiff be able to remedy the above issues for this cause of

15  action, it still fails. There is no "mandatory obligation imposed by Cal. Penal Code

16  § 853.6" (FAC ¶ 52) as for the situation presented by this case. The plain language

17  of Penal Code § 853.6 states that Plaintiff is off base with his assertion. Penal

18  Code § 853.6 (a)(1) states in pertinent part, "(a) (1) In any case in which a person

19  is arrested for an offense declared to be a misdemeanor, including a violation of

20  any city or county ordinance, and does not demand to be taken before a magistrate,

21  that person shall, instead of being taken before a magistrate, be released according

22  to the procedures set forth by this chapter, **although nothing prevents an officer**

23  **from first booking an arrestee pursuant to subdivision (g)**." (Emphasis added).

24  The relevant portion of Penal Code § 853.6 (g) says, "The officer may book the

25  arrested person at the scene or at the arresting agency prior to release."

26  　　　　Therefore, the clear language of Penal Code § 853.6 does not stand for the

27  position Plaintiff claims. Even Plaintiff's factually bare FAC shows that Penal

28  Code § 853.6 was complied with when he was arrested. Plaintiff's FAC states he

1  was taken into custody in the "evening hours of March 9, 2015" (FAC ¶ 50) and

2  he was released at "about 8:00 a.m. on March 10, 2015 when officials finally and

3  belatedly offered Plaintiff a § 853.6 release." (FAC ¶ 52). Plaintiff's conclusory

4  arguments of "finally" and "belatedly" do not create a cause of action. Defendants'

5  motion to dismiss should be granted on these grounds as well.

6       Furthermore, Plaintiff's factually deficient FAC leaves out pertinent details.

7  One of those was that Plaintiff was arrested by a Private Persons Arrest for a

8  **battery** under Section 242 of the Penal Code. It goes without saying that this is a

9  crime of violence. CA Penal Code § 853.6 (i) lists various exceptions to the

10 requirement of a citation other than the variety of exceptions indicated earlier in

11 that section. Specifically, Penal Code § 853.6 (i)(7) states, "There was a

12 reasonable likelihood that the offense or offenses would continue or resume, or

13 that the safety of persons or property would be imminently endangered by release

14 of the person arrested." Any reasonable officer who responds a crime of violence

15 between neighbors would utilize this section and not leave the accused in the same

16 place to potentially continue that conduct.

17      Plaintiff runs into the same issues with his allegation under CA Const. Art. I

18 § 13. Section 13 states, "The right of the people to be secure in their persons,

19 houses, papers, and effects against unreasonable seizures and searches may not be

20 violated; and a warrant may not issue except on probable cause, supported by oath

21 or affirmation, particularly describing the place to be searched and the persons and

22 things to be seized." All of the problems with Plaintiffs FAC under § 1 are the

23 same with § 13.

24      More importantly however, is there is no cause of action for damages under

25 Art. I  § 13. "Plaintiff cannot bring a damages claim directly under Article I,

26 Sections 7 or 13 of the California Constitution, in part because alternative

27 statutory and/or common law causes of action are available to redress his

28 grievances." *Brown v. County of Kern* 2008 U.S. Dist. 14216 *49-50 (2008),

1    citing *Katzberg v. Regents of Univ. of Cal.,* 29 Cal 4th 300, 303 (2002) and *Wigfall*

2    *v. City & County of San Francisco,* No. C 06-4968 VRW, 2007 U.S. Dist. Lexis

3    82047 (N.D. Cal. Jan 22, 2007). Here, Plaintiff is attempting to claim damages

4    under this section (FAC ¶ 56), which clearly the law does not allow.   Therefore,

5    Plaintiff's Fourth Cause of Action fails and Defendants' motion to dismiss for

6    failure to state a claim must be granted.

7                    **G.    Plaintiff's Fifth Cause of Action is Insufficient to**

8                            **State a Claim and Must Be Dismissed**

9            Plaintiff's Fifth Cause of Action is for a violation of CA Civ. Code §

10   52.1(b) against " City Defendants and DOES only." Again, this is duplicative as

11   the only Doe defendant is BHPD. Plaintiff is again suing the same entity twice in

12   the same cause of action. As indicated above, one of these defendants must be

13   dismissed.

14           To support this claim, Plaintiff merely concludes in one sentence, "The

15   conduct of each defendant in doing or failing to do the wrongful acts herein

16   alleged, was done for the purpose of interfering with and attempting to interfere

17   with Plainitff's rights under the California Constitution, Art. I §§ 1,7,13, Cal.

18   Penal Code § 853.6, and for that reason violated Plaintiff's rights under CA Civil

19   Code Section 52.1(b)." (FAC ¶ 57). This is literally it. Plaintiff does not even try

20   to support this cause of action with any factual support. Therefore, again, this

21   cause of action, like all that preceded it must be dismissed for failing to comply

22   with the pleading requirements of *Twombly, Iqbal,* and *Starr, supra.*

23           Even should Plaintiff try to remedy the factual failures of his complaint,

24   Plaintiff still has no cause of action under section 52.1. CA Civ. Code § 52.1

25   requires, "threat, intimidation, or coercion, or attempts to interfere by threat,

26   intimidation, or coercion.." CA Civ. Code § 52.1 (a). Plaintiff alleges no threats,

27   intimidation, or coercion in this case nor does he allege any attempts of any of

28   these things. The law is clear that to establish a claim under CA Civ. Code § 52.1,

1    that a Plaintiff, "must allege threats or coercion beyond the coercion inherent in a

2    detention or search in order to recover under the Bane Act." *Lyall v. City of Los*

3    *Angeles* 807 F.3d 1178, 1196 (9th Cir. 2015). Here, Plaintiff has not done that to

4    support his Fifth Cause of Action. Thus, Defendants' motion to dismiss must be

5    granted for this claim as well.

6              **H.       Plaintiff's Sixth Cause of Action Fails to Allege**

7                        **Sufficient Facts to Establish Either a *Monell* or a**

8                        **First Amendment Claim**

9         Plaintiff's Sixth Cause of Action is alleged against "City Defendants and

10   DOES Only," (FAC at 13) under 42 U.S.C. § 1983 for a violation of the First

11   Amendment (FAC at 13). Generally, in order to state a claim under 42 U.S.C. §

12   1983, a plaintiff must show that each defendant personally deprived him of his

13   rights. *Iqbal* 556 U.S. at 677. A plaintiff must plead sufficient facts to show an

14   individual violated the constitution through that individuals own conduct. *Id.* at

15   676. Here, Plaintiff has not alleged a constitutional violation against any named

16   individual except for the duplicative City and its police department (the only

17   named Doe defendant (FAC at 1)). Plaintiff's FAC fails to name any other Doe

18   defendant to establish a § 1983 claim. As with the previous causes of action, and

19   as stated in Section IV. A., Plaintiff again is suing the same entity twice, and again

20   one must be dismissed. Therefore, though not designated as a *Monell* claim

21   (*Monell v. Department of Social Services*, 436 U.S. 658 (1978)), being that

22   Plaintiff has only accused the City of Beverly Hills and the BHPD, this is clearly

23   what Plaintiff is attempting.

24        Under *Monell*, "a municipality cannot be held liable under § 1983 solely

25   because it employs a tortfeasor ... in other words, a munipality cannot he led liable

26   under § 1983under a respondeat superior theory." *Monell* at 694. "A plaintiff may

27   also establish municipal liability by demonstrating that (1) the constitutional tort

28   was the result of a 'longstanding practice or custom which constitutes the standard

---

1    operating procedure of the local government entity; (2) the tortfeasor was an

2    official whose acts fairly represent official policy such that the challenged action

3    constituted official policy; or (3) an official with final policy-making authority

4    'delegated that authority to, or ratified the decision of a subordinate.' *Price v.*

5    *Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City and County of San*

6    *Francisco*, 308 F.3d 968, 984-985 (9th Cir. 2002). When a plaintiff sues a local

7    government for violation of his constitutional rights, the municipality is liable only

8    if the plaintiff can establish that the municipality "had a deliberate policy, custom,

9    or practice that was the 'moving force' behind the constitutional violation he

10   suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007)

11   (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (U.S. 1978).

12          " A single constitutional deprivation ordinarily is insufficient to establish a

13   longstanding practice or custom." *Christie v. Iopa* 176 F. 3d 1231, 1235

14   (9thCircuit 1999). *Citing Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)

15   ("Liability for improper custom may not be predicated on isolated or sporadic

16   incidents; it must be founded upon practices of sufficient duration, frequency and

17   consistency that the conduct has become a traditional method of carrying out

18   policy."); and *citing Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443-44

19   (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom,

20   proof of random acts or isolated events [is] insufficient to establish custom.").

21   *Iopa* at 1235.

22          Here, the FAC is without any factual support to meet the requirements of a

23   *Monell* violation. Instead, all the FAC states is "the wrongful acts were pursuant to

24   a custom, policy and/or practice of defendants City and BHPD, and/or were

25   approved or ratified by a City and/or BHPD policy maker, such as defendant Doe

26   1." (FAC ¶ 59). Plaintiff fails to give any factual basis to reach this conclusion.

27   Additionally, plaintiff fails to identify any policy, policy maker, or any additional

28   instance in which this was done. The FAC simply does not meet the pleading

---

1   requirements to state a claim under *Monell*. On this basis alone, Defendants

2   motion should be granted.

3        The FAC also fails however to support any First Amendment violation

4   under § 1983. *Ford v. City of Yakima* 706 F. 3d 1188 (9th Cir. 2013) clearly states

5   the requirements of a First Amendment Claim. Under *Ford*, a Plaintiff must

6   "demonstrate that the officers' conduct would chill a person of ordinary firmness

7   from **future** First Amendment activity" and "prove that the officers' desire to chill

8   his speech was a but-for cause of their allegedly unlawful conduct." *Id.* at 1193.

9   (Emphasis Added). The FAC is woefully wanting for any factual support for this

10  allegation. For this cause of action, Plaintiff, as he has with all previous causes of

11  action in the FAC, merely concludes he was wronged stating, "The conduct of

12  each defendant including to but not limited to acts causing Plaintiff's detention,

13  arrest, continued incarceration until about 8:00 a.m. on March 10, 2015 were in

14  retaliation for Plaintiff having exercised, and/or attempting to exercise , rights

15  guaranteed under the First Amendment to the United States Constitution." (FAC ¶

16  59). Plaintiff, himself  cannot even decide what he is alleging as he states both

17  retaliation for prior conduct "and/or" current conduct.

18       At best, if one looks back into the minimal facts of a different cause of

19  action, one can gather that Plaintiff is attempting to say that Plaintiff is being

20  retaliated against for his conduct "months prior" (FAC ¶ 51) where plaintiff claims

21  he "exposed the appearance of corruption and collusion," (FAC ¶ 51) yet this was

22  not incorporated by reference in Plaintiff's Sixth Cause of Action. Defendants

23  should not be left guessing as to what they are being accused of in a civil lawsuit.

24  Here, Plaintiff fails to allege sufficient facts to state any First Amendment

25  violation and therefore Defendant's motion should be granted for this cause of

26  action as well.

27  //

28  //

Memo of P&As in Support of
Motion to Dismiss

No.2:17–cv–9226 MWF (ASx)

1
2
3
4

**I.**      **Plaintiff's Seventh Cause of Action Fails to State**
            **Either a *Monell* Claim or a Claim under 42 U.S.C. §**
            **1983 for a Violation of the Fourth or Fourteenth**
            **Amendments**

5    Plaintiff's Seventh Cause of Action is alleged against "City Defendants and

6  DOES Only," (FAC at 13) under 42 U.S.C. § 1983 for a violation of the

7  "Fourth/Fourteenth Amendments." (FAC at 14). Again, Plaintiff has accused the

8  same entity twice in this cause of action, as the only Doe Defendant is the BHPD

9  (FAC at 1). As Defendants have argued at length in this motion, one of these

10  defendants must be deleted as the city and its police department are the same

11  entity.

12    Defendants request to reincorporate all of its law and citations regarding §

13  1983 and *Monell*, *supra* from Section IV. Subsection H. here in order to not be

14  unnecessarily repetitive. The same authority and arguments apply here, as Plaintiff

15  has only named the City and its police department as named defendants for this

16  cause of action. For all the reasons argued for Plaintiff's FAC failing to state a

17  claim under Section IV. Subsection H., this cause of action also fails as it likewise

18  does not allege any facts to support a *Monell* claim. There again is no mention of

19  any policy other than stating, "The wrongful acts were pursuant to a custom,

20  policy and/or practice of defendants City and BHPD, and/or were approved or

21  ratified by a City and/or BHPD policymaker, such as DOE 1." (FAC ¶ 60). This is

22  entirely insufficient under *Twombly, Iqbal,* and *Starr, supra*. Plaintiff's FAC in

23  essence merely concludes, "this is so," with nothing to support that conclusion.

24  Therefore Defendants' motion should be granted.

25    With regard to the "Fourth/Fourteenth Amendments" specifically, Plaintiff

26  merely concludes, "The conduct of each defendant including but not limited to

27  acts causing Plaintiff's detention, arrest, and incarceration until about 8:00 a.m. on

28  March 10, 2015 violated Plaintiff's rights guaranteed under the Fourth and

Memo of P&As in Support of
Motion to Dismiss                                           No.2:17-cv-9226 MWF (ASx)

1    Fourteenth Amendments to the United States Constitution." (FAC ¶ 60). Plaintiff

2    again merely states a "this is so" type conclusion with no factual allegations

3    offered in support. Further, Plaintiff does not in any way how any of this conduct

4    violates the Constitution. Plaintiff merely states that his "detention, arrest, and

5    incarceration," violates his rights. This is insufficient. Plaintiff does not

6    incorporate any previous portion into this complaint, but based on all of the above

7    in Defendant's motion, this would not save the factual deficiencies of Plaintiff's

8    FAC. As Plaintiff alleges no facts to support this cause of action under *Monell* or

9    for the alleged violation of the U.S. Constitution, Defendants' motion should be

10   granted.

11                    **J.      Plaintiffs Cannot Know Punitive Damages Against**

12                            **the Beverly Hills Police Department**

13        The only named Doe Defendant in Plaintiff's FAC is the BHPD as Doe 1

14   (FAC at 1). In Plaintiff's first and second causes of action Plaintiff asks for

15   punitive damages against Does 1-20, thereby including the BHPD. This is legally

16   impermissible and any claim for punitive damages against BHPD must be

17   dismissed.

18        As indicated above, Tort liability for public entities in California is

19   governed by the Tort Claims Act. Cal. Gov't.Code § 810 et seq. *Comm. For*

20   *Immigrant Rights v. County of Sonoma* 644 F.Supp.2d. 1177, 1207-1208 (2009)

21   *citing Forbes v. County of San Bernardino* 101 Cal.App.4th 48, 53 (2002).

22   California Government Code § 818, clearly states, "Notwithstanding any other

23   provision of law, a public entity is not liable for damages awarded under Section

24   3294 of the Civil Code or other damages imposed primarily for the same of

25   example and by way of punishing the defendant." "California Government Code §

26   818 bars the award of punitive damages against a public entity." *Comm. For*

27   *Immigrant Rights* at 1208, citing, *People of California v. Kinder Morgan Energy*

28   *Partners, L.P.*, 569 F.Supp.2d 1073, 1092 (S.D. Cal. 2008). The Beverly Hills

---

Police Department is a public entity. Therefore Defendants' motion must be granted dismiss any prayer for punitive damages against Defendant BHPD.

## V.   CONCLUSION

For the foregoing reasons, all causes of action within the FAC should be dismissed against all moving defendants. Plaintiffs likewise should not be allowed to request punitive damages against the Beverly Hills Police Department. The FAC simply alleges insufficient facts to sustain any of its causes of action. For that and all other reasons argued above, Defendants' motion should be granted in total.

Respectfully submitted

DATED: January 11, 2018                 FERGUSON, PRAET & SHERMAN
                                        A Professional Corporation


                                        By: /s/ Shaun I. Abuzalaf
                                        Shaun I. Abuzalaf,
                                        Kyle R. Bevan,
                                        Attorneys for Defendants City of Beverly
                                        Hills and Beverly Hills Police Department