Bruce D. Praet SBN 119430
Shaun I. Abuzalaf SBN 285355
Kyle R. Bevan SBN 294877
**FERGUSON, PRAET & SHERMAN**
A Professional Corporation
1631 East 18th Street
Santa Ana, California 92705-7101
(714) 953-5300 telephone
(714) 953-1143 facsimile
kbevan@law4cops.com

Attorneys for Defendants City of Beverly Hills
and the Beverly Hills Police Department

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GOLDBERG,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NAHAL YASHAR, DANNY YASHAR, FARIBA LAVIAN, CITY OF BEVERLY HILLS, BEVERLY HILLS POLICE DEPARTMENT AS DOE 1, a governmental entity; and DOES 2 through 100,<br><br>　　　　Defendants. | No. 2:17-cv-09226-AB (GJ)<br><br>Hon. Andre Birotte, Jr.<br><br>**DECLARATION OF KYLE R. BEVAN RE ATTEMPT TO MEET AND CONFER PURSUANT TO L.R. 7-3**<br><br>Date　　: March 2, 2018<br>Time　　: 10:00 a.m.<br>Courtroom : 7B |

**DECLARATION OF KYLE R. BEVAN**

I, Kyle R. Bevan, declare as follows:

1. I am an attorney at law licensed to practice before this court and am an associate at the Law Offices of Ferguson, Praet, and Sherman, A Professional Corporation, which is the attorney of record for the Defendants City of Beverly Hills and the Beverly Hills Police Department in this matter. If called upon to testify I could and would testify competently to the following:

2. Exhibit "A" is a true and correct copy of a letter that I drafted to

---
Declaration of Kyle R. Bevan

Plaintiff's counsel Donald Cook at Plaintiff's counsel's address of 3435 Wilshire Blvd, Suite 2910 Los Angeles CA 90010.

3. I drafted the letter attached as Exhibit "A" on December 28, 2017.

4. The letter attached as Exhibit "A" represents Defendants City of Beverly Hills and Beverly Hills Police Department's attempt to meet and confer regarding Defendants' intent to file a motion to dismiss pursuant to FRCP Rule 12 (b) (6).

5. Prior to the mailing of the letter attached as Exhibit "A", I had multiple correspondences with Plaintiff's counsel Donald Cook.

6. As of the writing of this declaration, I am yet to receive any contact from Plaintiff's counsel Donald Cook regarding Defendants' attempt to meet and confer pursuant to L.R. 7-3.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This Declaration was executed on the 11th of January, 2018 in Santa Ana, California.

By: /s/ Kyle R. Bevan
Kyle R. Bevan

**Brian Goldberg v. Nahal Yashar, et al.**
**Case No. 17-CV-09226-AB-(GJ)**
**Exhibit "A"**

LAW OFFICES<br>
**FERGUSON, PRAET & SHERMAN**<br>
A PROFESSIONAL CORPORATION<br>
1631 EAST 18TH STREET<br>
SANTA ANA, CALIFORNIA 92705-7101<br>
TELEPHONE (714) 953-5300<br>
<br>
FAX (714) 953-1143

December 28, 2017

Donald W. Cook, Esq.
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010

   Re: *Goldberg v. City of Beverly Hills, et al.*
      Case No. 2:17-cv-09226-MWF-AS

Dear Mr. Cook:

  Pursuant to the Local Rules, this letter is an effort to meet and confer regarding my intent to bring a motion to dismiss certain causes of action alleged in your complaint under Fed. R. Civ. P. Rule 12. As such, I am requesting that you provide me with dates and times of your availability between now and January 5, 2018 to meet and confer for this purpose. In reviewing my own calendar, I am available every day between now and then with the exception of January 1, 2018.

  To facilitate our meet and confer efforts, I will briefly identify the issues in your complaint which I believe are subject to a motion to dismiss.

  First, suing the Beverly Hills Police Department is redundant to suing the City of Beverly Hills. The Department is an entity within the City. The Department is not, as you allege in paragraph #4, "a governmental entity separable [sic] suable under California law." You should dismiss the Police Department as Defendants.

  Much of your theory against the City rests upon your belief that BHPD had a duty to cite and release your client under PC § 853.6. This is untrue. The underlying neighbor dispute incident involved an alleged crime of violence and a private person's arrest. Further, BHPD's longstanding practice was to physically book arrestees in the BHPD jail. While it is permissible under department policy for a supervisor to approve the release of an arrestee in the field with a citation, it is in the best interest of the community and the criminal justice system at-large to physically book arrestees accused of committing crimes of violence - obtaining fingerprints, photographs, and positive identification - when booking is feasible. To the extent that numerous allegations in your complaint rely upon Penal Code section 853.6 creating a cause of action, I believe those causes of action fail to state claims upon which relief can be granted.

Donald W. Cook, Esq.
Re: <u>Goldberg v. City of Beverly Hills, et al.</u>
December 28, 2017
Page 2

You also allege that the City is liable for the misconduct of its employees under Cal. Gov't Code section 815.2(a), thus entitling Plaintiff to recover general and special damages proximately caused by defendants' misconduct. This is incorrect. Per 815.2(b), "a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability." This section imposes upon public entities vicarious liability for the tortious acts and omissions of their employees. It makes clear that in the absence of a statute a public entity cannot be held liable for an employee's act or omission where the employee himself would be immune. The California courts have held on many occasions that a public employee is immune from liability for his discretionary acts within the scope of his employment even though the discretion be abused. This rule is codified in Section 820.2. Under the above section, a public entity also is entitled to the protection of that immunity. Thus, this section nullifies the suggestion appearing in a dictum in *Lipman v. Brisbane Elementary School District*, 55 Cal 2d 224 (1961), that public entities may be liable for the acts of their employees even when the employees are immune.

Finally, it appears the facts alleged fail to state a facially plausible claim for relief under the *Twombley/Iqbal* standard.

As such, at this time I intend to bring a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6). Please provide me with your dates and times of availability you have between now and January 5, 2018. Perhaps we can come to some agreement with regard to dismissal of certain claims.

I look forward to resolving these issues with you.

Best regards,

Kyle R. Bevan
Attorney for Defendants

KRB/cl