JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BRIAN GOLDBERG,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NAYAL YASHAR, ET AL.,<br><br>　　　　Defendants. | CASE NO. 2:17-CV-09226-AB-GJS<br><br>**ORDER GRANTING EX PARTE APPLICATION TO REMAND THE MATTER TO STATE COURT DUE TO LACK OF SUBJECT MATTER JURISDICTION** |

　　　The Court has reviewed Defendants' Ex Parte Application to Remand the Matter to State Court Due to Lack of Subject Matter Jurisdiction ("Application," Dkt. No. 122), and Plaintiff's Opposition (Dkt. No. 124) and the City's Response (Dkt. No. 126) thereto. The Application is **GRANTED**.

　　　Plaintiff originally filed this action in Los Angeles County Superior Court. It was removed to this Court based on federal question jurisdiction deriving from Plaintiff's claim against the City of Beverly Hills under 42 U.S.C. § 1983. The complaint was ultimately amended to assert two claims under § 1983 against the

1  City. The Court granted summary judgment in City's favor on Plaintiff's § 1983
2  claims and denied Plaintiff's motion to reconsider that order. *See* Orders (Dkt. Nos.
3  114, 118). Accordingly, as no federal question remains and no basis for diversity
4  jurisdiction exists, there is no basis for the Court's original jurisdiction.

5        Under the doctrine of pendent jurisdiction, weighing factors such as
6  economy, convenience, fairness, and comity, the court "may retain jurisdiction
7  [over state claims] even if the federal claims over which it had original jurisdiction
8  are dismissed." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Here the Court
9  declines to exercise pendent jurisdiction over the remaining state law claim. First,
10 the sole remaining claim is for false arrest/imprisonment against the individual
11 defendants Nahal Yashar, Danny Yashar, and Fariba Lavian. Comity weighs in
12 favor or such purely state law claims being adjudicated in state court. Judicial
13 economy also favors remand for several reasons. The factual and legal bases for
14 the remaining claim are distinct from the bases of the § 1983 claims, so this
15 Court's familiarity with the case would not be a significant advantage for the
16 remainder of the case, which is a trial. And although this case is set for a final
17 pretrial conference on September 18, 2020 and a jury trial on October 6, 2020, in
18 light of the coronavirus pandemic those dates will not hold and would be continued
19 until mid-2021 at the earliest. Finally, judicial economy favors remand in light of
20 the Central District's massive caseload combined with its numerous judicial
21 vacancies. Convenience and fairness to the parties do not weigh heavily either
22 way, but given that Plaintiff originally filed this action in State Court, remanding it
23 does not strike the Court as inconvenient or unfair to Plaintiff.

24     //
25     //
26     //
27
28

The Court therefore declines to exercise jurisdiction over the remaining state law claims, and hereby **REMANDS** this action to Los Angeles County Superior Court pursuant to 28 U.S.C. §1447(c).

**IT IS SO ORDERED.**

Dated: September 11, 2020  _____
                            HON. ANDRE BIROTTE JR.